ANDREW J. MCKEON, Respondent, *v.* CITY OF NEW YORK, Appellant.

Supreme Court, Appellate Term, First Department, May 1, 1952.

*Denis M. Hurley, Corporation Counsel* (*Fred Iscol* and *Seymour B. Quel* of counsel), for appellant.

*Murray H. Blumenfeld* for respondent.

EDER, J. Plaintiff, a captain in the police department of the City of New York, brought this action to recover increments to which he claimed to be entitled by virtue of subdivision 5 of section 246 of the Military Law of this State and which increments he alleged were withheld from him.

Plaintiff, at all times in concern, was and still is a public employee. He was promoted to the rank of lieutenant on December 12, 1936, and thereafter served in such rank until on or about June 8, 1942, when he was granted leave of absence for service in the armed forces of the nation. On or about November 24, 1945, he was discharged from military service and was subsequently reassigned to duty and resumed his duties as a lieutenant on or about December 11, 1945.

During plaintiff's absence from the police department for service with the armed forces, an examination for promotion to the rank of captain of police was conducted by the municipal civil service commission on July 16, 1942, which was open to all members of the police department serving in the rank of lieutenant. Plaintiff was unable to participate in this examination because of his absence for service in the armed forces, as mentioned.

Subdivision 5 of section 246 of the Military Law, provides for a comparable examination if a promotion examination is held while a public employee entitled to participate therein is on military duty. In accordance with this provision plaintiff participated in a special examination for promotion to captain

in June, 1946, and passed the examination, and was promoted to the rank of captain on August 1, 1946.

Subdivision 5 of section 246 is entitled and deals with "Rights upon restoration to position", and so far as now deemed pertinent provides as follows: "A public employee restored to his position after the termination of his military duty or after the termination of his substitute appointment shall thereafter be entitled to the rate of compensation he would have received had he remained in his position continuously during such period of military duty or during such period of service as a substitute and shall be deemed to have rendered satisfactory and efficient service in such position during the period of his leave of absence and shall not be subjected directly or indirectly to any loss of time service, increment, or any other right or privilege, or be prejudiced in any way with reference to promotion, transfer, reinstatement or continuance in office. * * * A public employee thus appointed after passing a comparable examination as herein provided, shall, for the purpose of computing seniority credit and training and experience credit upon promotion and seniority in the event of suspension or demotion, be deemed to have been appointed on the earliest date upon which any eligible, who was lower on the regular promotion eligible list, was appointed."

By the provisions of subdivision 2 of section 434a–10.0 of the Administrative Code of the City of New York, the annual salary of a captain of police is $5,000, it being further provided as follows: "except that any captain of police who shall have served five years continuously as such shall receive five thousand, two hundred fifty dollars".

It is conceded by defendant that the plaintiff must be deemed to have been appointed a police captain on April 1, 1944, but only, as defendant maintains, for "the purposes specified in the statute" (Military Law, § 246, subd. 5) and it is argued by defendant that subdivision 5 does not operate retroactively, in that it does not grant retroactive service credit for *salary* purposes to persons appointed after taking special promotion examinations, and plaintiff has not qualified and does not come within the provisions of section 434a–10.0 of the Administrative Code entitling him to the increment of $250 therein provided.

In other words, that section 434a–10.0 fixes salaries of police captains on the basis of time actually served and that while subdivision 5 of section 246 of the Military Law does grant retroactive service credit (theoretical service), it is for the purpose of computing (1) seniority credit and training and

experience credit upon promotion, and (2) seniority in the event of suspension or demotion, and not for the purpose of conferring a salary benefit for a period of time prior to the plaintiff's appointment as police captain and his service in that position.

Defendant argues that plaintiff was not performing service as a captain *at the time* of his induction into military service; that he was appointed to that position only *after* termination of his military duty; that his rights are altogether different from, and must not be confused with, the rights granted by subdivision 5 of section 246 of the Military Law to public employees who after termination of military duty are restored to the *very positions* they held *prior* to their military service.

The language of this provision is clear; the retroactive service credit which is granted by it is applicable only to situations affecting the rating of an employee as respects promotion, suspension or demotion, and no other purposes are enumerated in subdivision 5.

It is stated in defendant's brief, and is seemingly not disputed, that the term '' seniority credit and training and experience credit '' is well understood in civil service parlance as applying only to credit for rating on promotion examinations.

That it was not the legislative intent by the enactment of subdivision 5 to confer thereby retroactive credit for *salary* purposes on persons appointed or promoted to positions in the civil service after the termination of their military duties is indicated by reference to the legislative record of 1946. Thus Senate Int. 2131, Pr. 2416, would have provided in subdivision 5 of section 246 of the Military Law, as follows: '' A public employee, heretofore or hereafter appointed from such special eligible list or from such promotion eligible list, after passing a comparable examination as herein provided, shall, for the purpose of computing seniority credit and training and experience credit upon promotion, and seniority in the event of suspension or demotion, be deemed to· have been appointed on the earliest date upon which any eligible, who was lower on the regular promotion eligible list, was appointed, *and shall be entitled, as hereinafter provided, to receive the same compensation he would have received had he served continuously in the position to which he is appointed from such date.*'' (Emphasis supplied.)

This bill failed in committee.

Another bill, Senate Int. 1225, Pr. 1343, which added the **existing** phraseology of subdivision 5, with respect to seniority

credit, was identical in language as Senate Int. 2131 but *omitted* the provision for retroactive service credit for *salary* purposes, viz., the above italicized portion contained in the bill as originally proposed (Senate Int. 2131) was deleted from Senate Int. 1225, and with this objectionable feature expunged the bill was passed and was enacted into law.   (L. 1946, ch. 589.)

This antecedent history indicates the legislative intent, with respect to the existing law, to limit the grant of retroactive seniority to the purpose enumerated in subdivision 5, viz., '' computing seniority credit and training and experience credit upon promotion and seniority in the event of suspension or demotion ''.

The ultimate conclusion is therefore reached that the retroactive benefits conferred by subdivision 5 of section 246 of the Military Law, were not intended to include retroactive service credit for *salary* increment purposes.  To uphold a recovery by plaintiff is to award him benefits which it seems quite clear the Legislature intended to withhold.

Accordingly, the judgment and order should be reversed, with $10 costs, and the complaint dismissed, with costs.

HAMMER and HOFSTADTER, JJ., concur.

Judgment and order reversed, etc.